IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| MYRON BASS | * | |
| Plaintiff | * | |
| VS. | * | NO: 3:07CV00113 SWW |
| ALACRITY LENDING, ET AL. | * | |
| Defendants | * | |

# ORDER

Plaintiff Myron Bass ("Bass") brings this action *pro se*, alleging fraud and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Housing Act ("FHA").[1]  Bass names the following defendants:  Alacrity Lending Company ("Alacrity Lending"), a mortgage lender; Jeff Fair ("Fair"), an Alacrity loan officer; Dick Moore, Inc. ("DMI"), a Tennessee corporation engaged in mobile home sales; Dick Moore ("Moore"), the owner of DMI; Donna Ingram ("Ingram"), a DMI sales representative; and Joseph Barton ("Barton"), a DMI attorney.

Before the Court is Bass's motion for a default judgment against DMI, Ingram and

---

[1] *See* Am. Compl., docket entry #15.  In his original complaint, Bass asserts claims for breach of contract and unjust enrichment, and he alleges that Defendants violated the Consumer Credit Protection Act, the Federal Truth in Lending Act, and the Home Ownership and Equity Protection Act of 1994.  *See* Compl., docket entry #1.  These claims are not repeated in the amended complaint.

Barton (docket entries #13, #14) and DMI, Ingram, and Barton's response in opposition (docket entry #16). Also before the Court are DMI, Ingram, Moore, and Barton's motions to dismiss or transfer for improper venue (docket entries #3, #23), Bass's response in opposition (docket entry #10), and Bass's motion to stay a decision regarding venue pending discovery (docket entry #11). After careful consideration, and for the reasons that follow, Bass's motions will be denied, and the motion to transfer venue will be granted. The case will be transferred to the United States District Court for the Western District of Tennessee.

I.

In his original complaint, Bass alleges that Ingram baited him with an unbelievable deal on a mobile home, and on October 17, 2006, he signed a mobile home purchase agreement and tendered a $4,000 down payment. According to Bass, Ingram told him that World Wide Mortgage would finance his mobile home purchase, but she switched to Alacrity Lending without telling him. Bass claims that Ingram intentionally delayed closing the sale on the agreed terms, in violation of the purchase agreement, and she presented him with a new agreement that included a $6,000 price change and over $11,000 in additional fees. Bass states that he refused to sign the new purchase agreement and that Ingram refused to return his $4,000 down payment. In his original complaint, Bass asserts claims for breach of contract, unjust enrichment, and fraud, and he charges Defendants with violations of the Consumer Credit Protection Act, the Federal Truth in Lending Act, and the Home Ownership and Equity Protection Act of 1994.

In response to the original complaint, DMI, Ingram, and Barton filed a motion to dismiss or transfer, arguing that a forum selection clause included in the aforementioned purchase agreement mandates that Memphis, Tennessee is the exclusive venue for Bass's claims. Bass

filed a response in opposition to the motion, a motion for default judgment, and a motion requesting that the Court postpone a decision regarding the forum selection clause in order to give him an opportunity to "engage in discovery in order to gain all necessary proofs to support his position." Docket entry #12, at 2. II.   Additionally, Bass filed an amended complaint[2] adding Moore as a defendant and asserting RICO, RESPA, and FHA violations.   In response to the amended complaint, DMI, Ingram, Moore, and Barton filed a motion to dismiss or transfer for improper venue.

II.

Motion for Default Judgment

Bass commenced this lawsuit on August 16, 2007, and separate defendants DMI, Ingram, and Barton received service of the summons and complaint on August 17, 2007.  *See* docket entries #1, #7, #8, #9.  On September 5, 2007, DMI, Ingram, and Barton filed a motion to dismiss or transfer for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). *See* docket entries #3, #4.

On September 17, 2007, Bass filed a motion for a default judgment against DMI, Ingram, and Barton.  *See* docket entries #13, #14.  Bass filed the motion with the mistaken belief that the separate defendants' timely-filed motion to dismiss pursuant to Rule 12(b)(3) did nothing to alter the deadline for filing an answer.  However, a motion to dismiss filed pursuant to Rule 12(b)

---

[2] Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading "once as a matter of course before a responsive pleading is served . . . . "   The term "pleading" must be read in connection with Rule 7(a), which enumerates the pleadings permitted under the federal rules as follows: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and pursuant to a court order, a reply to an answer or a third party answer.  Accordingly, a motion, including a motion to dismiss, does not qualify as a "pleading" that terminates a party's right to amend a pleading as a matter of course, without leave of court, under Rule 15(a).

extends the time for serving an answer until 10 days after the court denies the motion or postpones its disposition until the trial on the merits.  *See* Fed. R. Civ. P. 12(a)(4).  Bass's motion is without merit, and it will be denied.

Motion to Dismiss or Transfer for Improper Venue

In support of their motion to dismiss or transfer, the separate defendants submit a copy of the purchase agreement referenced in the original and amended complaints, which bears Bass's signature.[3]  The agreement contains the following language:

> All parties agree that it is by mutual consent and intent that all parties, whether residents or nonresidents of Tennessee, subject themselves to the jurisdiction of the State of Tennessee, and the law of the State of Tennessee to be applied to all aspects of the Contract.  *They further agree to Memphis, TN to be the exclusive venue for any action they may bring* and that this is the customer's legal principal residence.

Docket entry #3, Ex. A (emphasis added).

Bass asserts that the forum selection clause applies only to contract claims and has no application to the particular claims he pursues in this action.   Bass states: "The only action that [the] forum clause refers to is the 'contract.'" Docket entry #12, at 3.   Bass is mistaken.  The choice-of-law provision that precedes the forum selection clause provides that law of the State of Tennessee will be applied to all aspects of the contract, but the forum selection clause provides that Memphis, Tennessee will be the exclusive venue for "any action" the parties may bring.

---

[3] Bass does not dispute the authenticity of the purchase agreement, and because he references the agreement several times in his complaint and amended complaint, the Court may consider the document without converting the motion to dismiss or transfer into one for summary judgment.  *See Enervations, Inc. v. Minnesota Mining and Manufacturing Co.*, 380 F.3d 1066, 1069 (8th Cir.2004)(stating that although  matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading).

"Whether . . . claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *See Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 693 (8th Cir. 1997)(citation omitted). Here, the agreement clearly states that the parties agree that Memphis, Tennessee will be the exclusive venue for any action. The Court finds that the clause language is unambiguous and requires parties to the agreement to bring "any action" exclusively in Memphis, Tennessee. The Court further finds that the claims pursued by Bass in this case constitute "any action" subject to the forum selection clause.

The highest courts of Arkansas and Tennessee have adopted the standard set forth in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907 (1972), for determining the enforceability of forum selection clauses. *See, e.g., Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn.1983); *Nelms v. Morgan Portable Bldg. Corp.*, 305 Ark. 284, 289, 808 S.W.2d 314, 316-17 (1991). Accordingly, it is proper to apply the *Bremen* standard here. *See Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006).

Under *Bremen*, a forum selection clause is valid and enforceable unless a party clearly shows that enforcement would be unreasonable and unjust, or that the clause is invalid for reasons such as fraud or overreaching. *Bremen*, 407 U.S. at 15, 92 S. Ct. 1907, 1916). Bass claims that the clause is unenforceable because he has alleged that he is the victim of fraud.

Fraud must be plead with particularity, *see* Fed. Rule. Civ. P. 9(b). Furthermore, Bass must allege facts showing that the forum selection clause in particular was a product of fraud. *See M.B. Restaurants, Inc. v. CKE Restaurants, Inc*. 183 F.3d 750, 752 (8th Cir. 1999); *see also*

*Webb v. R. Rowland & Co.*, 800 F.2d 803, 807 (8th Cir.1986)("The use of a standard form contract between two parties of admittedly unequal bargaining power does not invalidate an otherwise valid contractual provision. To be invalid, the provision at issue must be unconscionable."). Here, Bass's fraud allegations are general in nature–he claims that Defendants "are involved in a highly sophisticated, white-collar scheme that deprives . . . victims, usually the poor and minorities, of their down payment of their trailer homes." Docket entry #15, at 2. Bass fails to allege specific facts showing fraudulent procurement of the forum selection clause in particular.[4]  The Court finds Bass's allegations insufficient to overcome the presumption that the forum selection clause is valid and enforceable.

Defendants Alacrity Lending and Fair, non-signatories to the purchase agreement, join DMI, Ingram, and Barton in seeking enforcement of the forum selection clause. *See* docket entry #27, at 3. Bass contends that because Alacrity Lending and Fair are non-parties to the purchase agreement, they are bound by his venue selection, not the forum selection clause. A plaintiff cannot defeat a forum-selection clause by suing non-parties to the agreement, *see American Patriot Ins. Agency, Inc. v. Mut. Risk Mgt. Ltd.*, 364 F.3d 884, 889 (7th Cir.2004), and a non-party may be bound by a forum selection clause when the party is closely related to the dispute such that it becomes foreseeable that it will be bound. *See Hugel v. Corp. of Lloyd's,* 999 F.2d 206, 209-210 (7th Cir.1993). Here, Bass claims that all named defendants engaged in a

---

[4]In his response in opposition to Defendants' motion, Bass states that Defendant Ingram presented him with a revised purchase agreement in June 2007, and threatened him with legal action if he did not sign. However, according to allegations in the original complaint, Bass managed to withstand Ingram's threats, and he refused to sign the revised agreement. *See* docket entry #1, at 5. Bass also claims that he signed the first purchase agreement under duress. However, in his original complaint, he alleges that he signed the agreement because he trusted Ingram. *See* docket entry #1, at 4.

conspiracy to deprive him of his down payment on a mobile homes, using the purchase agreement as a tool to accomplish their scheme. The Court finds that Bass's allegations support a finding that Alacrity Lending and Fair are so closely related to the dispute that they are bound by and may enforce the forum selection clause.

Bass requests that if the Court finds that the forum selection clause is valid and enforceable, the Court transfer, rather than dismiss, the case to the United States District Court for the Western District of Tennessee. Title 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eighth Circuit has noted three factors a court must consider in deciding whether to transfer a case: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A court should consider a request to transfer on a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *See id.*(citations omitted).

A valid and applicable forum selection clause is a significant factor in determining whether a transfer is warranted. *Id.*, citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243-44 (1988). Additionally, it appears that the convenience of a majority of the parties would best be served if venue were transferred to the Western District of Tennessee. Plaintiff, who resides in Proctor, Arkansas, provided the Court with a mailing address located in Memphis, Tennessee; Defendant Dick Moore's principal place of business is located in Shelby County, Tennessee; Defendant Barton resides in Shelby County, Tennessee; and Defendant Ingram resides in South Haven, Mississippi, close to Memphis Tennessee. In sum, the Court

finds it appropriate to transfer the case to the United States District Court for the Western District of Tennessee rather than dismiss.

Motion for Discovery

Bass asks the Court to postpone deciding whether the forum selection clause renders venue in this Court improper until he has had an opportunity to conduct discovery.  Bass has failed to allege facts that provide a sufficient basis for invalidating forum selection clause, and he provides no explanation as to how  discovery will enable him to do so.   Accordingly, the motion for discovery will be denied.

III.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (docket entries #3, #23) are DENIED, but Defendants' alternative motions to transfer (docket entries #3, #23) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for a default judgment (docket entry #13) and motion for a stay pending discovery (docket entry #11) are DENIED.

IT IS FURTHER ORDERED that this action should be transferred to the United States District Court for the Western District of Tennessee, Western (Memphis) Division.

IT IS SO ORDERED THIS 29TH DAY OF NOVEMBER,  2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE